IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Billy Lee Lisenby, Jr., #200273 a/k/a Malik Al-Shabazz,<br><br>    Petitioner,<br><br>vs.<br><br>Levern Cohen, Warden of Ridgeland C.I.,<br><br>    Respondent. | Civil Action No.: 8:09-2627-DCN-BHH<br><br>**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

  The petitioner filed this action seeking habeas relief. Before the court is the petitioner's motion for a default judgment. (Dkt. #30.) The petitioner contends that the respondent has failed to respond, that his habeas petition be granted, and that default judgment should be entered. However, a review of this case shows that the a default judgment is not appropriate.

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

  Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). First, the undersigned notes that default judgments are not available in habeas actions. Habeas petitioners should not receive default judgment under normal circumstances. *See Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir.1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"). *See also Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir.

1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("a default judgment is not contemplated in habeas corpus cases"); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases"); *Garland v. Warden,* 2008 WL 4834597 (D.S.C. 2008)(unpublished). Moreover, the respondent is not in default as on March 1, 2010, the undersigned granted the respondent's motion for an extension of time in which to file his response to the habeas petition. (Dkt. # 28.)[1]

Based on the foregoing, it is recommended that the Petitioner's Motion (Dkt. # 30) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 8, 2010
Greenville, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[1] The respondent's motion for the extension was timely filed March 1, 2010 (Dkt #27.)

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).