IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, Jr., #200273, a/k/a Malik Al-Shabazz, <br><br> Petitioner, <br><br> vs. <br><br> Levern Cohen, Warden of Ridgeland Correctional Institution, <br><br> Respondent. | C/A No.: 1:09-2627-DCN-SVH <br><br><br> REPORT AND RECOMMENDATION |

Petitioner Billy Lee Lisenby, Jr., filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #35, 36]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #39]. Petitioner filed a response in opposition to Respondent's motion. [Entry #46]. Petitioner also has several motions pending before the court: two Motions to Amend his Petition [Entry ##22, 23], a Motion to Compel [Entry #25], a Motion for Funds to Hire an Expert [Entry #43], and a Motion to Appoint Counsel [Entry #47]. Having carefully considered

---

[1] The court dismissed without prejudice Petitioner's prior federal habeas petition (in 8:09-705-DCN-BHH) because Petitioner's appeal from the denial of PCR was still pending in state court.

the parties' submissions and the record in this case, the court recommends that the petition be dismissed without prejudice and that Respondent's Motion for Summary Judgment [Entry #35], as well as all of Plaintiff's pending motions [Entry ## 23, 25, 43, and 47] be denied as moot.

I.	Procedural Background

Petitioner is currently confined in the Ridgeland Correctional Institution. In April 2008, Petitioner was indicted for failure to stop for a blue light and two counts of assault with intent to kill (AWIK). He was represented by Patricia C. Rivers, Esquire. Petitioner was found guilty of failure to stop for a blue light and one count of AWIK and on April 25, 2008, the Honorable J. Mark Hayes sentenced Petitioner to three years for the failure to stop charge and ten years for the AWIK, to run consecutively. Petitioner timely filed a Notice of Intent to Appeal and then shortly thereafter, he notified appellate counsel and the South Carolina Court of Appeals that he wished to voluntarily withdraw his appeal. On September 2, 2008, the South Carolina Court of Appeals dismissed the direct appeal and issued its Remittitur.

On August 11, 2008, Petitioner filed an application for post-conviction relief ("PCR"), raising the following grounds for relief:

1. Ineffective assistance of trial counsel:
   a. Failed to object to allowing the jury to view the video of the chase in North Carolina.
   b. Failed to object to State proceeding without "taking [Petitioner] through case management."
   c. Failed to ask for mistrial/dismissal when bailiff went into jury room during deliberations.

      d.      Failed to object to jury selection in Applicant's absence.
      e.      Failed to enter Applicant's medical history into the record.
      f.      Failed to object to jury selection.
      g.      Failed to object that Applicant was charged with a crime against a person rather than a traffic violation.
      h.      Failed to dismiss herself because she had a conflict.
      i.      Failed to file pre-trial motions.
      j.      Failed to represent Applicant at a preliminary hearing.
      k.      Failed to subpoena witnesses.

2. "Denial of Case management."
3. "Bailiff went into Juries room on (3) three different occasions on April 24th, 2008."
4. "Juries saw defendant in handcuffs and shackles on April 24th, 08 at approx. 6:00 PM."
5. "Defendant wasn't given an opportunity to view the video before trial or before the juries."
6. "Misconduct by the prosecutors."
7. "Judge showed bias towards attorney didn't find attorney creditable."
8. "Pulled Jury in defendants absence."
9. "Denied Right to enter medical history onto record."
10. "Jury Prejudicial."
11. "Not having a jury of my peers."
12. "Defendant was charged and convicted of a crime against a person rather than a traffic violation."
13. "Conflict against trial counsel and she still represented defendant."
14. "Denied Due Process."
15. "Excessive Bail Clause."

Petitioner also filed six amendments. The court noted that amendments 1-3 were attached to the PCR Application. Amendments 5-6 were separately filed and served on Respondent. However, because Respondent did not receive amendment 4, it was made Court's Exhibit 1.

On January 14, 2009, an evidentiary hearing was held before the Honorable John Milling. Petitioner was present and represented by M. Ronald McMahan, Jr., Esquire. On

February 6, 2009, the PCR Court denied and dismissed Petitioner's PCR application with prejudice, and Petitioner was served with the order on February 9, 2009. On February 12, 2009, Petitioner filed a Notice of Intent to Appeal. After several extensions of time, Petitioner's appeal was dismissed on January 11, 2010, when Petitioner failed to serve and file the Petition for Writ of Certiorari and Appendix as provided in SCACR Rule 243 (d). Petitioner then filed a Motion to Reinstate and to Accept the Attached Petition and Appendix Out of Time. The State did not oppose this motion. The Petition for Writ of Certiorari sets forth the following grounds:

1. Did the PCR judge err in denying relief despite trial counsel's ineffectively failing to notify petitioner of his upcoming trial date, her ineffectively failing to object to the trial proceeding in the absence of the accused, her ineffectively failing to request a continuance, and her ineffectively failing to request that the judge issue a jury instruction as to petitioner's absence from the first part of the trial?

2. Did the PCR judge err in denying relief despite trial counsel's ineffectively failing to obtain or present evidence of his medical history or evidence as to the continued effects of his prescribed medications?

3. Did the PCR judge err in denying relief despite trial counsel's ineffectively failing to inform the accused that here was a videotape of the car chase, her ineffectively failing to obtain the videotape prior to trial, and her ineffectively failing to object to the admission of the video-tape in evidence?

4. Did the PCR judge err in denying relief where trial counsel provided ineffective assistance of counsel in that she failed to note the irregularity in the verdict form and failed to request that the jury be polled as to the actual verdict?

By Order dated February 17, 2010, the South Carolina Supreme Court granted the Motion and accepted the Petition and Appendix out of time. The State's Return to the

Petition for Writ of Certiorari was not due until April 5, 2010. Petitioner's appeal from the denial of PCR was still pending in state court as of the briefing of Respondent's summary judgment motion in the instant habeas petition.

Petitioner has also filed another PCR action in Chesterfield County (09-CP-13-374). The State filed a Return and moved to dismiss that action. Petitioner has filed numerous amendments to this second PCR action. A Conditional Order of Dismissal has been issued by the Honorable Paul M. Burch, Circuit Court Judge, and served on Petitioner. Petitioner filed a Response, an Amended Response, along with a fifth Amendment to his PCR application. At the time of Respondent's summary judgment motion in the instant habeas petition, a Final Order of Dismissal had not been entered in the second PCR action, and the PCR was pending in state court.

II.     Discussion

    A.     Federal Habeas Issues

Petitioner filed this federal habeas petition on October 9, 2009, raising the following grounds for relief:[2]

---

[2] Petitioner has also filed Motions to Amend his federal habeas petition. In a motion dated February 12, 2010, Petitioner states he would like to amend Ground one of his habeas petition. He alleges his trial attorney testified at the PCR that she sends letters to clients notifying them to be in court and keeps a copy in the file, and there was no copy in her file. In a Motion to Amend dated January 15, 2010, Petitioner states he would like to amend Ground One as follows: Petitioner's trial attorney should have objected to short interval between his indictment and trial, or moved for a continuance. Based on the recommended dismissal without prejudice of Petitioner's current petition, the undersigned recommends that all pending motions (including these) be denied as moot.

**Ground One:** Petitioner was never notified of his new trial date. This is a violation of his 6th Amendment.

**Ground Two:** Trial attorney failed to subpoena witnesses.

**Ground Three:** Trial counsel fail to give or request the instruction that Petitioner's failing to appear could not be construed as an admission of guilt.

**Ground Four:** Trial counsel had conflict against her client and failed to dismiss herself, and refused to subpoena his doctor and neurologist.

**Ground Five:** Attorney failed to challenge the videotape of the chase, and the subject matter of jurisdiction of the indictment.

B.  Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the

evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

      b.  Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[4] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

---

[4]If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

D. Analysis

For the reasons set forth below, the undersigned recommends that the court dismiss the federal habeas petition without prejudice and with leave to refile when Petitioner has exhausted his state remedies, and deny Respondent's motion for summary judgment, as well as Petitioner's pending motions, as moot.

Petitioner consents in the dismissal without prejudice, [*see* Response, Entry # 46, p. 8], and Respondent agrees that this habeas petition should be dismissed without

prejudice for failure to exhaust state remedies based upon Petitioner's currently pending state PCR appeal(s). [*See* Return, Entry # 36, p. 25].

Because it is clear in this case that Petitioner still is pursuing a state court remedy in the form of appellate review of the denial of PCR, this federal habeas petition is premature. Furthermore, Petitioner and Respondent do not object to a dismissal without prejudice. Therefore, it appears that the dismissal of this habeas action without prejudice is appropriate. The undersigned notes that Petitioner may re-file his petition for federal habeas review once the South Carolina State courts decide his PCR appeal(s). However, the court cautions Petitioner to be mindful of the AEDPA's one year statute of limitations period.

III.    Conclusion

For the foregoing reasons, it is recommended that Petitioner's habeas petition be dismissed without prejudice and Respondent's Motion for Summary Judgment [Entry #35], as well as all of Plaintiff's pending motions [Entry ## 22, 23, 25, 43, and 47] be denied as moot.

IT IS SO RECOMMENDED.

July 30, 2010                              Shiva V. Hodges
Florence, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**